**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**BENJAMIN COXON,**

    **Plaintiff,**

vs.   CASE NO. 4:24-CV-00086-MW-MAF

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, Benjamin Coxon, a non-prisoner proceeding *pro se*, initiated this case by filing a pleading titled "PETITION." ECF No. 1. Liberally construed, the filing was an attempt to file a civil rights complaint pursuant to Section 1983. See Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). Plaintiff did not pay the filing fee but filed a motion to proceed *in forma pauperis* (IFP), which the Court denied as "implausible." ECF No. 4. The Court screened Plaintiff's filing pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and found it legally insufficient as a complaint. Id. The Court issued an Order advising Plaintiff that this case would likely be dismissed if he did not correct the deficiencies and directed him to either refile an IFP application on the proper

form or pay the filing fee by **March 27, 2024**. Id. For the reasons stated, it is recommended that the case be dismissed and closed.

## I.   Standard of Review

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court may also dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although a *pro se* litigant's allegations are entitled to the benefit of liberal construction, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, supra.

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of

facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678). A brief discussion of the procedural history is warranted.

## II. Plaintiff's Procedural History.

Plaintiff initiated this case with a typed pleading but did not use the Court's complaint form. ECF No. 1. If intended to serve as a complaint, it was legally insufficient. The filing is no model of clarity. As best can be determined, Plaintiff claims he was harassed from 2011 through 2024. ECF No. 1, pp. 6-7. Plaintiff alleges the harassment occurred in California while he was in the Northern District of Florida. Id., p. 3. Plaintiff provides no facts to support any legal conclusion. Id. Plaintiff also fails to identify who specifically harassed him. Id. Plaintiff references audio recordings he made

and submitted to various federal agencies. Id., pp. 8-9. Plaintiff sent emails to numerous federal agencies, state agencies, and judges of this Court. Id., pp. 10-16. Plaintiff claims the harassment violated 18 U.S.C. § 242, a criminal provision for deprivations of constitutional rights under color of law. Id., p. 7. Plaintiff also relies on 28 U.S.C. § 459, which provides that "[e]ach justice or judge of the United States may administer oaths and affirmations and take acknowledgments." Id. It is unclear how these statutes are relevant to Plaintiff's claims. Plaintiff makes no claim for relief. Id.

The Court found the pleading legally insufficient to serve as a complaint. ECF No. 4. Specifically, Plaintiff likely lacked standing to pursue criminal sanctions and certain claims were likely time barred. Id., pp. 6-7. The Court advised Plaintiff of the proper course of proceeding and gave him until **March 27, 2024**, to amend and to either file a complete IFP application or pay the $405 filing fee. Id. Plaintiff filed nothing further in the case.

Notably, Plaintiff used an address associated with the First Church of Christ Scientist as his own in the signature block. Id., p. 17. Court mail sent to Plaintiff at the address he provided was returned as undeliverable. See ECF Nos. 5, 6. It appears Plaintiff abandoned this case.

## III. Discussion

Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to

comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders." Id. Therefore, when the undersigned issues reasonable orders, which are *ignored*, he may recommend the dismissal of a case for failure to comply with those orders. See Freeze v. Sec'y, Dep't of Child. and Fams., 825 F. App'x 606, 610 (11th Cir. 2020) (citing Moon v. Newsome, 863 F.2d 835, 839 (11th Cir. 1989)). Emphasis added.

The Court advised Plaintiff of the proper way to proceed in this case, but he did not comply. ECF No. 4. Not only did Plaintiff fail to amend his complaint, he did not submit a second IFP motion for consideration and did not pay the fee. With all court mail returned and Plaintiff taking no further action in this case, dismissal is appropriate.

IV. **Conclusion and Recommendation**

For the reasons stated, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1. See also Moon v. Newsome, 863

F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is further recommended that the case be **CLOSED**.

**DONE AND ORDERED** this 17th day of April 2024.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).